## IN RE ESTATE OF COLLINS.

1. **Estates of Decedents:** ALLOWANCE TO WIDOW ON ANTE-NUPTIAL CONTRACT: JURISDICTION. Where an action was pending in a court of equity, between the widow of the decedent and the administrator, for the construction of an ante-nuptial contract, it was error for the probate court to make an allowance to the widow, in excess of what the statute permitted, based on the terms of such contract. It was for the court of equity to construe and enforce that contract in all its terms.

*Appeal from Shelby Circuit Court.*

FRIDAY, APRIL 24.

THE administrator of the estate of Eli A. Collins appealed from certain orders and proceedings of the circuit court sitting as a court of probate. The facts are stated in the opinion.

*Ellis, Murphy & Gould,* for appellant.

*Sapp & Pusey,* for appellee.

SEEVERS, J.—In May, 1883, the appellant was appointed and qualified as administrator of the estate of Eli A. Collins. In July, 1883, an allowance was made to the widow of the deceased for her support for one year. Prior to the marriage of the deceased and the appellee, Maria Collins, there was executed by them an ante-nuptial contract, and the appellant

commenced an action in equity to construe and enforce such contract, which the appellee answered. The petition and the case were ready for trial on the issue joined therein, at the October term, 1883. In February, 1884, the appellant filed an application for a change of the place of trial in the matters of the estate from the circuit court sitting as a court of probate. The application was overruled. Afterwards, in March, 1884, the appellee made an application "for an allowance for maintenance and support out of the estate of said E. A. Collins, deceased." The appellant contested the right to such allowance. The court made an order in these words: "It is ordered that the sum of $800 be allowed the widow, Maria Collins, for her support for one year from April 24, 1884; and that the administrator pay that sum to her, or to the clerk of this court, on or before that day, for her use." The contention of the appellant is that the court erred in refusing to change the place of trial, and also in allowing appellee any sum for her support from and after April, 1884. We proceed to a consideration of the last question.

It will be observed that an allowance was made for the support of the appellee for one year subsequent to the death of her husband. This allowance was made under section 2375 of the Code. Such allowance may be reviewed, and increased or diminished. Code, § 2377. There is no statute which authorizes any allowance to be made to the widow for her support for any period, except for the year subsequent to the death of her husband. Nor do we understand the allowance asked and made by the court was made under and by virtue of any statute or power inherent in the court as a court of probate, but it was solely based on the ante-nuptial contract; that is to say, but for such contract the allowance would not have been asked for or made.

Counsel for the appellee rely exclusively on the ante-nuptial contract to sustain the order of the circuit court. It will be observed that issue had been joined in the action in equity brought for the express purpose of determining the rights of

the parties under such contract. Such court, therefore, had obtained jurisdiction of the subject-matter and the parties. The allowance for a year's support of the widow pertains to the settlement of the estate, but the enforcement of the ante- nuptial contract does not necessarily do so. It is clearly competent for a court of equity to construe, declare, and decree the enforcement of, such contract, and the court of pro- bate erred in taking jurisdiction thereof, and in making the order in question. This is apparent, we think, when it is stated that there are other provisions of the contract, affecting the rights of the parties, and that the appellant had, in the equity action, alleged that he had offered to perform all the provisions of the contract as he understood it, and that the appellee had refused to accept such performance. It is cer- tain that the parties are not agreed as to the proper construc- tion of the contract, and we think it should be construed as to all of its provisions, which may or may not be dependent, by the court of equity.

Because the motion for a change of the place of trial was based on the claimed fact that the judge had a personal inter- est in the estate, and as he does not now preside in said court, it is not deemed necessary to determine the other error assigned and argued by counsel.

REVERSED.